UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Access North Center for Independent Living
of Northeastern Minnesota,

No. 14-cv-3157 (DWF/LIB)

          Plaintiff,

v.

**REPORT AND RECOMMENDATION**

Access North, LLC, et al.,

          Defendants.

This matter came before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636(b)(1)(A).

Plaintiff Access North Center for Independent Living of Northeastern Minnesota ("Plaintiff") commenced the present action on or about August 14, 2014, naming as Defendants Access North, LLC and Kimberly Tyler. (Compl. [Docket No. 1]). Defendants were served, and the deadlines by which Defendants were to have answered or otherwise responded to Plaintiff's Complaint came and went.

On September 23, 2014, when no answer or other responsive pleading had yet been filed by either Defendant, the Court issued an order instructing Plaintiff as follows:

1. Within three (3) business days of the date of this Order, counsel for Plaintiff shall notify Defendants Access North, LLC and Kimberly Tyler that they are required to file a responsive pleading or move for an extension of time to do so;

2. If Defendants fail to file a responsive pleading or move for an extension of time to do so within five (5) business days of having been given the notice required by

    Paragraph 1, Plaintiff shall file an application of default as to these Defendants, or advise the Court in writing of any good cause for not doing so; and

3. If Plaintiff fails to comply with the foregoing within twenty (20) days of the date of this Order, the Court will recommend that the case be dismissed for lack of prosecution.

(Order [Docket No. 6]). The Court explicitly instructed Plaintiff that unless Plaintiff's counsel complied with the Order within 20 days of its date of issuance, the Court would dismiss the Defendants for failure to prosecute. (Id.)

It has now been more than twenty (20) days since the Court's September 23, 2014 Order, and Defendant Access North, LLC has not yet answered or otherwise appeared in the present case. Plaintiff has neither filed an application for entry of default against this Defendant, nor has Plaintiff advised the Court of any good cause for such failure.

Consequently, the Court finds that, with regard to Defendant Access North, LLC, Plaintiff has failed to abide by the terms of the Court's Order of September 23, 2014, [Docket No. 6]. Because the Court forewarned Plaintiff of the potential consequences of its failure to abide by the Court's Order, the Court recommends that, as to Defendant Access North, LLC, this action be dismissed for failure to comply with the Court's Order of September 23, 2014, [Docket No. 6], and for lack of prosecution.

Based on the foregoing and all of the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED**:

That Defendant Access North, LLC be **DISMISSED without prejudice** from this action, for Plaintiff's failure to comply with the Court's Order of September 23, 2014, [Docket No. 6], and for lack of prosecution.

DATED:  October 20, 2014              s/Leo I. Brisbois
                                      Leo I. Brisbois
                                      U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by November 3, 2014,** a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within **fourteen (14) days** of service thereof.  Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.